# Exhibit 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OMEGA SA and SWATCH SA, <br><br> Plaintiffs, <br><br> -against- <br><br> 375 CANAL, LLC, <br> JOHN DOES 1 – 50 and <br> XYZ COMPANIES 1 – 50, <br><br> Defendants. | Civil Action No.: <br> 12 CV 6979 (PAK) <br><br> **PLAINTIFFS' DISCLOSURE PURSUANT TO FED. R. CIV. P. 26(a)(1)(A)** |

Plaintiffs Omega SA and Swatch SA ("Plaintiffs") provide the following initial disclosures required by Federal Rule of Civil Procedure 26(a)(1).

## I.   FED. R. CIV. P. 26(a)(1)(A)(i)

The following persons are likely to have discoverable information that Plaintiffs may use to support their claims:

A.   <u>Gregory Swift</u>, an employee of The Swatch Group (U.S.) Inc., 1200 Harbor Boulevard, Weehawken, NJ 07086. Mr. Swift has knowledge of the advertisement, sale and distribution of OMEGA brand watches in the United States; secondary meaning of the OMEGA trademark and related trademarks among consumers of watches in the United States; and the harm to the OMEGA trademarks and brand caused by the sale of counterfeit "Omega" watches. The Swatch Group (U.S.) Inc. is a corporate affiliate of Plaintiffs. Defendants may not contact Mr. Swift directly. Defendants may contact him only through the undersigned counsel for Plaintiffs.

B. <u>Frank Furlan</u>, an employee of The Swatch Group (U.S.) Inc., 1200 Harbor Boulevard, Weehawken, NJ 07086. Mr. Furlan has knowledge of the advertisement, sale and distribution of SWATCH brand watches in the United States; secondary meaning of the SWATCH trademark and related trademarks among consumers of watches in the United States; and the harm to the SWATCH trademark and brand caused by the sale of counterfeit "Swatch" watches. The Swatch Group (U.S.) Inc. is a corporate affiliate of Plaintiffs. For this reason, defendants may not contact Mr. Furlan directly. Defendants may contact him only through the undersigned counsel for Plaintiffs.

C. <u>Bradford Cole</u>, Diogenes LLC, 1512 Southford Road, Southbury, CT 06488-2479. Mr. Cole has knowledge of the facts and circumstances described in ¶¶ 49 – 51 of Plaintiffs' Complaint. Mr. Cole has retained Collen IP to represent him in his capacity as a witness in this proceeding. Therefore, defendants may not contact Mr. Cole directly. Defendants may contact him only through the undersigned counsel for Plaintiffs.

D. <u>Richard Taute</u>, formerly an NYPD police officer and supervisor the NYPD's Manhattan South Peddler Task Force, 524 West 42nd Street, New York, NY 10036. Mr. Taute's most recent place of employment known to Plaintiffs is c/o MSA Investigations, 9 Murray Street, New York, NY 10007. Mr. Taute has knowledge of the facts and circumstances described in "Mahamud" on December 1, 2010, as alleged in ¶¶ 37 and 40 of Plaintiffs' Complaint. (In addition, upon information and belief, <u>NYPD Officer Jerome Foy or the custodian or records of the NYPD's Manhattan South Peddler Task Force</u> also have knowledge of these facts and circumstances.)

## II. FED. R. CIV. P. 26(a)(1)(A)(ii)

Plaintiffs are aware of the following general categories of documents that are in their possession, custody, or control which Plaintiffs may use to support their claims:

    A.    Documents evidencing the advertisement, sale and distribution of OMEGA and SWATCH brand watches in the United States; registration of OMEGA and SWATCH trademarks on the Principal Register of the United States Patent and Trademark Office; secondary meaning of the OMEGA and SWATCH trademarks among consumers of watches in the United States; the harm to the OMEGA and SWATCH trademarks and brands caused by the sale of counterfeit "Omega" and "Swatch" watches.

    B.    Pleadings and other documents from the litigations referred to in ¶¶ 29 – 36 of the Complaint.

    C.    Documents received from New York City Police Department reflecting arrests of John Doe 21 and John Doe 22, as alleged in ¶¶ 37 and 40 of the Complaint.

    D.    Documents, including photographs and surveillance videotape, reflecting the events perceived by Plaintiffs' private investigators at 375 Canal Street on May 19, 2012 as alleged in ¶ 49 of the Complaint.

    E.    Counterfeit "Omega Seamaster" watch purchased by Plaintiffs' private investigator from John Doe 23 as alleged in ¶ 49 of the Complaint.

    F.    Correspondence between Plaintiff's counsel and Defendant's counsel as alleged in ¶¶ 43 – 47 of the Complaint.

### III.    FED R. CIV. P. 26(a)(1)(A)(iii)

Plaintiffs have elected to recover statutory damages under 15 U.S.C. § 1117(c) in lieu of actual damages and profits under 15 U.S.C. § 1117(a).

### IV.    FED. R. CIV. P. 26(a)(1)(A)(iv)

None.

Dated: Ossining, New York
June 25, 2013

                                        **COLLEN IP**
                                        **Attorneys for ~~Plaintiffs~~ Omega SA and Swatch SA**

                                        By: _____
                                        Joshua Paul (JP4029)
                                        jpaul@collenip.com
                                        Lisa A. McAndrews (LM1980)
                                        lmcandrews@collenip.com
                                        80 South Highland Avenue
                                        Ossining, NY 10562
                                        Tel.  (914) 941-5668

**To:**

Avi Schick
Martin P. Michael
Benito Delfin, Jr.
Dentons US L.L.P.
1221 Avenue of the Americas
New York, NY 10020-1089

## CERTIFICATE OF SERVICE

EDITH GARVEY certifies that, on June 25, 2013 she served a true and accurate copy of the attached PLAINTIFFS' INITIAL DISCLOSURES PURSUANT TO RULE 26(A)(1) upon the following attorneys for defendants by transmitting the same to them by first class mail, postage prepaid:

    Avi Schick, Esq. and Benito Delfin, Jr., Esq.
    Dentons US L.L.P.
    1221 Avenue of the Americas
    New York, NY 10020-1089

Dated: Ossining, New York
       June 25, 2013

_____
EDITH GARVEY

5