UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OMEGA SA and SWATCH SA,<br><br>         Plaintiffs,<br><br>-against-<br><br>375 CANAL, LLC, JOHN DOES 1 – 50 and XYZ COMPANIES 1 – 50,<br><br>         Defendants. | Civil Action No.:<br>12-CV-6979 (PAC) |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFFS' THIRD MOTION IN LIMINE**

Plaintiffs' Omega SA and Swatch SA respectfully move the Court for an Order precluding Defendant 375 Canal, LLC from arguing or offering evidence at trial that consumers and potential consumers who encountered counterfeit "Omega" or "Swatch" watches at 375 Canal Street knew or suspected that the watches were fake – that is, were not authentic OMEGA or SWATCH brand watches, or otherwise presenting evidence about the state of mind of these consumers and potential consumers. Such evidence is not relevant to any of the issues for trial, and must therefore be excluded under Fed. R. Evid. 402.

**PROCEDURAL BACKGROUND**

Plaintiffs filed suit in September 2012. The Complaint alleges that various "John Doe" defendants sold and/or offered to sell counterfeit "Omega" and "Swatch" watches from the storefront at 375 Canal Street (D.E. 1, ¶¶ 37, 40, 49 – 51). The Complaint further alleges that Defendant 375 Canal, LLC:

- Owns the property at 375 Canal Street, id., ¶¶ 26 - 27;

- Has had "actual, specific knowledge that the John Doe Defendants and others were using the Property as a base of operation from which to sell counterfeit trademarked goods, id., ¶ 69;

- Has had "the ability to prevent others from using the Property" in this illegal manner; id., ¶ 71; and

- Has "repeatedly failed to take reasonably adequate measures to ensure that the Property is not used by sellers of counterfeit trademarked goods," id., ¶ 72.

The Complaint asserts claims for direct trademark counterfeiting against the John Doe Defendants (id., ¶¶ 52 – 66) and contributory trademark counterfeiting against 375 Canal, LLC, id., ¶ 67 – 75. Plaintiffs did not serve the Complaint on any of the John Doe defendants, with the result that Plaintiffs' sole federal claim for trial is the claim against Defendant 375 Canal, LLC for contributory trademark counterfeiting.[1] See id., ¶¶ 67 – 75 (third cause of action). (Plaintiffs also have a state law claim against 375 Canal, LLC under N.Y. Real Prop. L. § 231(2).)

**ARGUMENT**

**THE COURT SHOULD PRECLUDE
DEFENDANT FROM ARGUING OR OFFERING EVIDENCE THAT
PEOPLE WHO PURCHASE COUNTERFEIT "OMEGA" OR "SWATCH"
WATCHES UNDERSTAND OR SUSPECT THAT THE WATCHES ARE FAKE**

The plaintiff in a trademark infringement lawsuit ordinarily must establish that defendant's use of its (defendant's) mark is "likely to cause confusion, or to cause mistake, or to deceive." 15 U.S.C. § 1114(1). In the Second Circuit, the trier of fact evaluates the presence or absence of likelihood of confusion by applying the eight-factor test enunciated by Judge Friendly

---

[1] At the summary judgment stage 375 Canal, LLC withdrew its Ninth Affirmative Defense, which was based on Plaintiffs' failure to pursue its claims against the John Doe defendants and other direct infringers. See D.E. 70 at 15.

in Polaroid Corp. v. Polarad Elecs. Corp., 287 F.2d 492 (2d Cir. 1961). See generally J. Thomas McCarthy, 4 McCarthy on Trademarks and Unfair Competition § 23.19 (4th edition).

Where, as here, however, the mark in question is a "counterfeit" trademark, it becomes unnecessary to assess likelihood of confusion under the Polaroid test "because counterfeit marks are inherently confusing." Philip Morris USA Inc. v. Felizardo, 2004 U.S. Dist. LEXIS 11154, *18 (S.D.N.Y. June 17, 2004), citing Gucci Am., Inc. v. Duty Free Apparel, Ltd., 286 F. Supp. 2d 284, 287 (S.D.N.Y. Oct. 3, 2003) ("Counterfeits, by their very nature, cause confusion."); see also Burberry Ltd. v. Designers Imps., Inc., 2010 U.S. Dist. LEXIS 3605, *17 (S.D.N.Y. Jan. 19, 2010) (Crotty, J.) ("To determine whether confusion is likely to arise, a court need only determine that the items at issue are counterfeit and that Defendant distributed, offered for sale, and sold the items.); Gucci Am., Inc. v. Duty Free Apparel, Ltd., 286 F.Supp.2d 284, 287 (S.D.N.Y. 2003) ("In this case, however, the Court need not undertake a factor-by-factor analysis under Polaroid because counterfeits, by their very nature, cause confusion"); Romag Fasteners, Inc. v. J.C. Penney Corp., 2007 U.S. Dist. LEXIS 87261, *9 (D. Conn. Nov. 27, 2007) ("In the circumstances of counterfeit products, the Arrow Fastener mandate is met as to the actual-confusion and similarity-of-the-marks tests, since counterfeit items are intended to be highly similar to the authentic product by their nature, and provide no means for the public to distinguish between manufacturers").

Plaintiffs meet their burden of proof by demonstrating that the "Omega" and "Swatch" watches sold or offered by the John Does at 375 Canal Street were fakes (that is, were not made by the purported manufacturer) and that the marks on those watches were "counterfeit" within the meaning of the Lanham Act – namely, "a spurious mark which is identical with, or substantially indistinguishable from, a registered mark." 15 U.S.C. § 1127. Once Plaintiffs

establish these points, likelihood of confusion is established as a matter of law, Burberry Ltd., 2010 U.S. Dist. LEXIS 3605, *17, and thus any fact inquiries into the Polaroid factors, including whether there is any evidence of actual consumer confusion, is irrelevant.[2]

## Conclusion

Because "counterfeit" marks are confusing as a matter of law, the various fact questions presented by the Polaroid test of likelihood of confusion, including whether there is any evidence of actual confusion, become irrelevant in establishing liability.  See Fed. R. Evid. 401 (Evidence is relevant only if the underlying "fact is of consequence in determining the action").  Rule 402 therefore requires that Defendant be precluded from arguing or offering evidence that consumers and potential consumers who encountered counterfeit "Omega" or "Swatch" watches at 375 Canal Street knew or suspected that the watches were fake – that is, were not authentic OMEGA or SWATCH brand watches, or otherwise presenting evidence about the state of mind of these consumers and potential consumers.

---

[2]   Once Plaintiffs establish the John Doe Defendants sold goods sold goods bearing counterfeit marks, the inquiry shifts to whether Defendant 375 Canal, LLC is contributorily liable for the John Does' sale or offer for sale of the counterfeit watches The criteria governing the question of contributory liability have already been established by the Court in deciding summary judgment and are now law of the case: "Contributory infringement depends on a factual analysis of four areas:  whether 375 Canal (1) had sufficient control over the instrumentality used to infringe; (2) possessed the requisite knowledge of trademark infringement activity; (3) continued to supply its service despite said knowledge; and (4) took sufficiently remedial steps to stop the infringing activity. D.E. 7 at 4 (Opinion and Order denying motion for summary judgment).

Dated: Ossining, NY
August 4, 2017

Respectfully submitted,

COLLEN
*Attorneys for Plaintiffs Omega SA and Swatch SA*

By: _____
    Joshua Paul (jpaul@collenip.com)
    Jeffrey A. Lindenbaum (jlindenbaum@collenip.com)
    Michael Nesheiwat (mnesheiwat@collenip.com)
    80 South Highland Avenue
    Ossining, NY 10562
    Tel. (914) 941-5668
    Fax (914) 941-6091