USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/12/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
OMEGA SA,

            *Plaintiffs*,

    -against-

375 Canal LLC,

            *Defendant*.
------------------------------------------------------------X

12 Civ. 6979 (PAC)

**OPINION & ORDER**

A jury found 375 Canal LLC liable for contributory trademark infringement on March 4, 2019 and awarded Plaintiff Omega SA statutory damages totaling $1,100,000. Plaintiff now moves: (1) to amend the final judgment to include permanent injunctive relief; and (2) for entitlement to attorney's fees and prejudgment interest. Plaintiff's motion to amend the final judgment to include permanent injunctive relief is GRANTED, as MODIFIED; Plaintiff's motion for attorney's fees and prejudgment interest is DENIED.

## BACKGROUND

Plaintiff Omega SA ("Omega") and dismissed Plaintiff Swatch SA commenced this action in September 2012 alleging that Defendant 375 Canal, LLC ("375 Canal" or "Defendant")[1] knowingly rented space at 375 Canal Street to a tenant who sold counterfeit watches. The Court denied Defendant's motion to dismiss in May 2013, Dkt. 22, and discovery closed in early 2016. Dkt. 47. After the Court denied Defendant's motion for summary judgment in December 2016,[2] a trial date was set. The day before the final pretrial conference was scheduled, however, 375

---

[1] Additional unnamed "John Doe" Defendants were named in the Complaint but dismissed before trial.

[2] Plaintiff also moved for summary judgment on four of Defendant's affirmative defenses, but Defendant withdrew those defenses prior to the Court's decision. Consequently, the Court denied Plaintiff's summary judgment motion as moot.

Canal alerted the Court to falsehoods in a declaration submitted by one of Plaintiff's witnesses. Dkt. 141. Since this declaration had been relied upon in denying 375 Canal's summary judgment motion, the Court postponed the trial date and granted Defendant leave to move for reconsideration of summary judgment and for sanctions. *See* Transcript, Dkt. 151. On March 13, 2018, the Court denied 375 Canal's motion for sanctions and reconsideration of summary judgment. Dkt. 206. Unable to settle on the remaining claim, the parties proceeded to trial. Dkts. 219-22.

Trial began on February 25, 2019. After a four-day trial, the jury unanimously found 375 Canal liable for contributory infringement of four of Omega's federally-registered trademarks. *See* Dkt. 293. The jury also found that the infringing marks were counterfeit and that Defendant's conduct was willful. *Id.* The jury awarded Plaintiff $275,000 for each of four Omega trademarks infringed, totaling $1,100,000. *Id.* On March 12, 2019, the Court entered judgment for Omega and against Defendant, awarding Omega $1.1 million in damages, plus costs and post-judgment interest. Dkt. 298.

## ANALYSIS

### 1. Injunctive Relief

#### A. Legal Standard

The Lanham Act expressly authorizes district courts to enter permanent injunctions to prevent future trademark infringement by a defendant. 15 U.S.C. § 1116; *see, e.g., Innovation Ventures LLC v. Ultimate One Distrib. Corp.*, 176 F. Supp. 3d 137, 169 (E.D.N.Y. 2016). A permanent injunction is appropriate upon a showing by the plaintiff that (i) it has suffered irreparable injury; (ii) remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (iii) considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (iv) the public interest would not be disserved by

a permanent injunction. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391, 126 S. Ct. 1837, 1839, 164 L. Ed. 2d 641 (2006)

A court's power to enjoin future conduct, however, is not unfettered. Courts "cannot lawfully enjoin the world at large," *Paramount Pictures Corp. v. Carol Pub. Grp., Inc.*, 25 F. Supp. 2d 372, 374 (S.D.N.Y. 1998) (quoting *Alemite Mfg. Corp. v. Staff*, 42 F.2d 832, 832 (2d Cir.1930)), and "injunctive relief should be no more burdensome to the defendant than necessary to provide complete relief to the plaintiffs." *Califano v. Yamasaki*, 442 U.S. 682, 702, 99 S. Ct. 2545, 2558, 61 L. Ed. 2d 176 (1979); *Vives v. City of New York*, 305 F. Supp. 2d 289, 303 (S.D.N.Y. 2003), *rev'd on other grounds*, 405 F.3d 115 (2d Cir. 2005). Consistent with this principle, the federal rules limit the binding effect of an injunction to "the parties[,]" "the parties' officers, agents, servants, employees, and attorneys[,]" and "other persons [with whom they] are in active concert or participation[,]" provided they receive "actual notice." Fed. R. Civ. P. 65(d)(2).

### B. Analysis

375 Canal does not oppose entry of a permanent injunction in this case; but seeks to strike the provisions in Omega's proposed judgment which, in Defendant's view: (1) seek to bind buildings other than 375 Canal LLC and legal entities other than 375 Canal; (2) place affirmative burdens on 375 Canal "far more onerous than necessary to redress the minimal risk of future harm to Omega," Def. Opp. to Inj., Dkt. 319 at 1; and (3) are redundant.[3]

Plaintiff prevailed at trial against 375 Canal LLC for contributory trademark infringement based on the sale of a counterfeit watch at a specific location—namely, 375 Canal Street. The

---

[3] 375 Canal also opposes the portions of Omega's proposed judgment awarding Plaintiff attorney's fees and prejudgment interest. The Court considers these objections along with Defendant's objections to Plaintiff's motion for attorney's fees and prejudgment interest in Part II of this Order.

3

language in Omega's proposed amended judgment would bind 375 Canal, along with its "parent, subsidiaries, divisions, predecessors, partners, stockholders, members, affiliates, officers, directors, attorneys, agents, employees, representatives, and all persons in active concert or participation with any of them who receive actual notice," and "the land and building located at 375 Canal as well as any other real property owned or managed by 375 Canal, LLC," Pl.'s Rev. Ex. A, Dkt. 320, ¶¶ 10-11.[4] The scope is overbroad and inconsistent with the judgment rendered at trial. Instead, the Court adopts Defendant's proposed language at ¶ 8, Def. Response, Dkt. 319, Ex. A, which is consistent with the scope of Rule 65(d), and removes all references to "any other real property owned or managed by 375 Canal, LLC" included in Omega's proposed judgment. *See* Pl.'s Rev. Ex. A, Dkt. 320, ¶¶ 11-13.[5]

Defendant's objection to Omega's proposed "affirmative burdens," however, is rejected. Paragraph 12 of Omega's proposed judgment orders 375 Canal to require any future tenant or subtenant to agree, through "express, written condition of any new lease or sub-lease" to "be bound by the terms of this permanent injunction" and "provide copies of such leases or sub-leases to Omega within 30 days of their execution." Pl.'s Rev. Ex. A ¶ 12. At trial, the jury found that 375 Canal failed to take remedial steps to prevent trademark infringement at 375 Canal Street even after it knew or had reason to know that counterfeit goods were being sold on the premises. Dkt. 293. Additionally, Defendant's testimony at trial revealed that notwithstanding this lawsuit,

---

[4] After Defendant objected to Plaintiff's proposed amended final judgment, Plaintiff submitted a revised proposed final judgment along with it's Reply. All references to Omega's proposed judgment in this Order refer to the revised submission at Dkt. 320, Ex. A.

[5] Plaintiff argues that the injunction should bind entities other than Defendant, including United American Land LLC ("UAL") because UAL manages 375 Canal Street and is accordingly "in active concert or participation" with 375 Canal. *See* Pl's Inj. Rep., Dkt. 320 at 4. To the extent this is true, UAL is covered by Defendant's proposed language which binds "all other persons in active concert or participation with 375 Canal," Def. Ex. A ¶ 8, Dkt. 319. This allegation does not justify the broad language Omega proposes.

4

Defendant remains willing to rent its vacant retail space to souvenir shops in the future. *See, e.g.,* Trial Tr. 2/28/19 at 611:7-9, 612:10-14. The requirement to include an express lease provision binding future tenants is hardly onerous; it is reasonably tailored to address Omega's proven risk of future harm.[6]

Paragraphs 10 through 13 are also not redundant. Paragraph 10 prohibits 375 Canal and its affiliate from infringing on Omega's trademarks and Paragraph 11 prohibits 375 Canal from allowing the premises at 375 Canal Street to be used to promote the sale of merchandise that infringes Omega's trademarks. Paragraph 12 places an affirmative duty on 375 Canal to bind its future tenants, through an express lease provision, to the permanent injunction and Paragraph 13 requires 375 Canal to notify Omega's lawyers upon learning of any allegation of trademark infringement or counterfeiting at 375 Canal Street. Each provision imposes a distinct burden, consistent with the judgment in this case, and remains.

Accordingly, with the above-mentioned modifications, and with the exception of Omega's proposed provisions awarding prejudgment interest and attorney's fees addressed below, the Court GRANTS Omega's motion to amend the final judgment to include permanent relief.

## II. Attorney's Fees & Prejudgment Interest

### A. Legal Standards

The Lanham Act provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). The Supreme Court has construed "exceptional cases" under the identically-worded fee shifting provision of the Patent Act, 35 U.S.C. § 285, as "simply one that stands out from others with respect to the substantive strength

---

[6] Defendant also objects to Omega's proposed amended judgment because it requires 375 Canal to amend existing leases. Omega's Reply and amended Proposed Judgment clarifies that this obligation applies solely to *new* leases. Pl.'s Rev. Ex. A, ¶ 12. Accordingly, this objection is moot.

of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554, 134 S. Ct. 1749, 1756, 188 L. Ed. 2d 816 (2014). In making this determination, courts assess the "totality of the circumstances" and consider relevant factors including "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 554 n.6 (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994)).

In 2018, the Second Circuit expressly joined the Third, Fourth, Fifth, Sixth, Ninth, and Federal Circuits in holding that the more flexible standard articulated in *Octane* applies to the attorneys' fees provision of the Lanham Act. *See Sleepy's LLC v. Select Comfort Wholesale Corp.*, 909 F.3d 519, 522 (2d Cir. 2018). Prior to *Sleepy's*, the Second Circuit had historically limited "exceptional cases" to those involving "fraud or bad faith or willful infringement." *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 111 (2d Cir. 2012); *see also Malletier v. Artex Creative Int'l Corp.*, 687 F. Supp. 2d 347, 358–59 (S.D.N.Y. 2010); *Malletier v. Carducci Leather Fashions, Inc.*, 648 F. Supp. 2d 501, 505–06 (S.D.N.Y. 2009). But even under this stricter standard, bad faith did not automatically entitle a prevailing party to attorney's fees, as "courts routinely decline[d] to award attorneys' fees in cases involving willful infringement." *Coty Inc. v. Excell Brands, LLC*, 277 F. Supp. 3d 425, 469 (S.D.N.Y. 2017) (quoting *Mister Softee, Inc. v. Boula Vending Inc.*, No. 10-CV-2390 (ARR) (JMA), 2011 WL 705139, at *1 (E.D.N.Y. Feb. 17, 2011). Cases in this Circuit applying the more flexible *Octane* standard to the Lanham Act's attorney's

fees provision since *Sleepy's* are limited.[7]

Lanham Act prevailing plaintiffs are also entitled to prejudgment interest in some circumstances. *See Am. Honda Motor Co. v. Two Wheel Corp.*, 918 F.2d 1060, 1064 (2d Cir. 1990); *Bumble & Bumble, LLC v. Pro's Choice Beauty Care, Inc.*, No. 14CV6911VECJLC, 2016 WL 658310, at *11-12 (S.D.N.Y. Feb. 17, 2016), *report and recommendation adopted*, No. 14CV6911VECJLC, 2016 WL 1717215 (S.D.N.Y. Apr. 27, 2016). Where a plaintiff elects statutory damages, "an award [of prejudgment interest] is within the discretion of the trial court and is normally reserved for exceptional cases." *River Light V, L.P. v. Lin & J Int'l, Inc.*, No. 13CV3669 DLC, 2015 WL 3916271, at *9 n.8 (S.D.N.Y. June 25, 2015). Awards of prejudgment interest in "exceptional cases" are evaluated under the same standard used by courts to determine the entitlement to attorneys' fees. *See, e.g., Coty Inc. v. Excell Brands, LLC*, 277 F. Supp. 3d 425, 469 (S.D.N.Y. 2017).

### B. Analysis

Omega seeks attorney's fees of approximately $1,000,000 for fees incurred from the time this Court decided 375 Canal's motion for sanctions through resolution of this case at trial. Omega believes this case is exceptional based on both the jury's finding of willfulness and Defendant's litigation conduct after the case was set for trial in 2018, which in Plaintiff's view "significantly and unnecessarily increased the fees and costs Plaintiff had to occur[sic] to obtain a judgment." Pl's Mem. for Fees & Int., Dkt. 314 at 7.

Even under the more lenient *Octane* standard, this case is not exceptional. Simply put, this case does not stand out from others in regard to its frivolousness or objective reasonableness. By

---

[7] *See, e.g., Lifeguard Licensing Corp. v. Kozak*, 371 F. Supp. 3d 114 (S.D.N.Y. 2019); *MZ Wallace Inc. v. Fuller*, No. 18CV2265(DLC), 2018 WL 6715489, at *14 (S.D.N.Y. Dec. 20, 2018).

the time this case reached trial, of the four counts initially brought by Omega against multiple defendants, only a single count against a single defendant remained. And while the strength of Omega's trademarks was long-established and undisputed, Omega's claim of contributory trademark infringement against a landlord was somewhat novel. *See Omega SA v. 375 Canal, LLC*, No. 12 CIV. 6979 PAC, 2013 WL 2156043, at *2 (S.D.N.Y. May 20, 2013) (noting that courts in other circuits have extended contributory trademark infringement liability to landlords but that the Second Circuit has only "assumed without deciding" the issue). Plaintiff makes much of Defendant's "years of notice of counterfeiting activities at the premises," Pl's Fees Mem., Dkt. 314, at 11, but this trial ultimately turned on a much narrower question—did a subtenant at 375 Canal Street sell a single counterfeit Omega watch after Defendant knew or had reason to know such goods were being sold on the premises? Defendant's decision to defend itself in this lawsuit, and proceed to trial on that narrow issue, was neither frivolous nor unreasonable. *See Coty Inc. v. Excell Brands, LLC*, 277 F. Supp. 3d 425, 470 (S.D.N.Y. 2017) (declining to award fees in a case where the outcome was "by no means a foregone conclusion") (quoting *Simon & Schuster, Inc. v. Dove Audio, Inc.*, 970 F. Supp. 279, 302 (S.D.N.Y. 1997).

Defendant's litigation conduct also does not rise to a level sufficient to justify a fee award. The Court agrees that some of Defendant's conduct, including repeatedly asking the Court to consider issues already decided, a refusal to stipulate an issue ultimately conceded in summation, and a failure to confer with Plaintiff on pretrial submissions, led to inefficiencies. The standard of litigation misconduct typically relied upon to justify of a fee award, however, is a higher one. *See Patsy's Brand, Inc. v. I.O.B. Realty, Inc.*, 317 F.3d 209, 222 (2d Cir. 2003) (holding that litigation conduct can form the basis for an award of attorney's fees where such conduct is "fraudulent."); *see also Church & Dwight Co. v. SPD Swiss Precision Diagnostics GmbH, No. 14-CV-585 (AJN)*,

8

2018 WL 4253181, at *18 (S.D.N.Y. Sept. 5, 2018) (despite plaintiff's "credible arguments" that the defendant acted unreasonably, the court would not award fees, and contrasting the defendant's unexceptional conduct with that of a party whose witnesses were "nothing short of deliberately misleading"); *Sara Lee Corp. v. Bags of New York, Inc.*, 36 F. Supp. 2d 161, 170 (S.D.N.Y. 1999) ("the sort of misconduct that supports an attorney fees award includes not only willful infringement, but also willful defiance and protraction of judicial processes attempting to stop the illegalities.").

Omega's lack of actual damages also points away from an award of fees and prejudgment interest, as a primary justification for an award of attorneys' fees is to compensate the prevailing party. *See Sleepy's LLC*, 909 F.3d at 530 (citing *Octane*, 572 U.S. at 554 n.6); *see also Coty*, 277 F. Supp. 3d at 470; *L. & J.G. Stickley, Inc. v. Cosser*, No. 5:02-CV-1542, 2009 WL 3030153, at *2 (N.D.N.Y. Sept. 16, 2009); *Lurzer GMBH v. Am. Showcase, Inc.*, 75 F. Supp. 2d 98, 102 (S.D.N.Y. 1998). The sizeable statutory damages award in this case, coupled with the entry of a permanent injunction, are also sufficient to deter Defendant's future conduct without the need for additional costs or fees. *Sullivan v. Flora, Inc.*, No. 15-CV-298-WMC, 2018 WL 3210511, at *10 (W.D. Wis. June 29, 2018).

The jury's finding of willfulness does not alter the analysis. Even in the pre-*Octane* era, a finding of willfulness did not necessarily require an award of fees and interest. *Mister Softee, Inc. v. Boula Vending Inc.*, No. 10-CV-02390 ARR JMA, 2011 WL 705139, at *1 (E.D.N.Y. Feb. 17, 2011); *Coty*, 277 F. Supp. 3d at 469. Given that *Octane* only enhanced the flexibility of the "exceptional case" standard, it does nothing to alter the settled principle that willfulness alone is not dispositive. In this case, the other relevant factors weigh against awarding fees and interest, and the jury's finding of willfulness does not tip the scale. This case is not exceptional, and an

award of attorney's fees and prejudgment interest is not warranted.

## CONCLUSION

Plaintiff's motion to amend the final judgment to include permanent injunctive relief is GRANTED as modified. Plaintiff's motion for attorney's fees and prejudgment interest is DENIED. An amended final judgment consistent with this Order will follow as separate order.

The Clerk of the Court is instructed to close the motions at Dkts. 311 & 313.

Dated: New York, New York
June 12, 2019

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge